# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| **MARK KASSA** § | |
| § | |
| Plaintiff, § | Civil Action No.: |
| § | |
| v. § | COMPLAINT |
| § | |
| **DETROIT METRO CONVENTION** § | |
| **& VISITORS BUREAU** and **DETROIT** § | |
| **SPORTS COMMISSION**, § | |
| § | |
| Defendants. § | |

## COMPLAINT

Mark Kassa, ("Plaintiff"), for his claims against defendants Detroit Metro Convention & Visitors Bureau and Detroit Sports Commission ("Defendants") alleges as follows:

## I. NATURE AND SUBSTANCE OF THE ACTION

1.  Plaintiff files this action against Defendants for trademark infringement, trademark dilution, and false designation of origin under the Lanham Act (15 U.S.C. § 1051 et seq); and unfair competition and trademark infringement under Michigan common law.

## II. JURISDICTION AND VENUE

2.  This Court has jurisdiction over the subject matter of this action pursuant to Section 39 of the Lanham Act, 15 U.S.C. § 1121 and Chapter 85 of the Judiciary and Judicial Procedure Code, 28 U.S.C. §§ 1331 and 1338, and has supplemental jurisdiction over the state law claims under 28 U.S.C. § 1367.

3. Venue is proper in this district pursuant to 28 U.S.C. § 1391.

### III. THE PARTIES

4. Plaintiff, Mark Kassa, is an individual residing at 7547 Autumn Hill Drive, West Bloomfield, MI 48323.

5. Defendant Detroit Metro Convention & Visitors Bureau ("DMCVB") having a principal place of business at 211 W. Fort St., Ste. 1000, Detroit, MI 48226

6. Defendant Detroit Sports Commission ("DSC") is a 501(c)(3) organization with a principal place of business at 211 W. Fort St., Ste. 1000, Detroit, MI 48226. Defendant DSC is wholly-owned subsidiary of Defendant DMCVB.

### IV. FACTS COMMON TO ALL CLAIMS

7. Plaintiff is a musician and entrepreneur providing entertainment services in the form of live musical performances and a music, culture, and entertainment talk show. In particular, Plaintiff is member of the band "Slight Return" (www.slightreturn.com) and a host of the "Welcome to the D Show" talk show (https://www.youtube.com/user/WelcomeToTheDshow). Additionally, Plaintiff operates an online apparel and accessories store (http://welcometothed.com), that sells various products related to Detroit and music, but specifically including items promoting "Slight Return" and the "Welcome to the D Show".

8. In connection with those ventures, Plaintiff is the owner of a number of trademarks registered with the United States Patent and Trademark Office. Specifically, Plaintiff is the owner of three trademarks for the mark "Welcome to the D" for (i) "clothing, namely, shirts and hats" (United States Registration No. 3,724,089), (ii) "entertainment services in the nature of live

musical performances" (United States Registration No. 4,117,605), and (iii) "entertainment in the nature of an on-going special variety, news, music or comedy show featuring entertainment news and content broadcast over television, satellite, audio, and video media; entertainment, namely, a continuing music and entertainment news show broadcast over television, satellite, audio, and video media; entertainment, namely, a continuing music and entertainment news show broadcast over television, satellite and internet mediums" (United States Registration No. 4,376,110). Additionally, Plaintiff is the owner of two trademarks for the mark "The D" for i) "clothing, namely, shirts and hats" (United States Registration No. 4,316,115) and (ii) "entertainment services in the nature of live musical performances" (United States Registration No. 4,333,876). True and correct copies of these United States Trademark Registration (collectively, the "Marks") are attached hereto as Exhibit A.

9. The foregoing Trademark Registrations for "Welcome to the D" and "The D" are valid, unrevoked, and constitute *prima facie* evidence of Plaintiff's ownership of the Marks. The United States Trademark Registrations Plaintiff holds for "Welcome to the D" are the only United States trademark registrations for "Welcome to the D" held by any owner for any products or services of any kind.

10. Plaintiff has continuously used the "Welcome to the D" mark in connection with the promotion, advertising, and sale of entertainment services and related apparel and accessories since well before the acts of Defendants complained of herein.

11. Plaintiff has allocated considerable resources and has dedicated significant effort in promoting and developing the Marks in interstate commerce.  As a result, Plaintiff has established considerable goodwill in the Marks.  The Marks are, accordingly, also well-known marks for all relevant purposes of trademark law.

12. In connection with the 2012 Major League Baseball Word Series ("World Series"), each of the Defendants used Plaintiff's Marks to promote the World Series and events related thereto. Specifically, during October 2012, the Defendants put up various signs and banners around the City of Detroit that featured Plaintiff's "Welcome to the D" mark (the "Misuse"). These signs and banner were particularly noticeable on street lampposts and the lobbies of hotels and other businesses, but the unauthorized use also extended to promotions in local media. True and correct pictures showing various examples of banners and signs displaying Plaintiff's Marks are attached hereto as Exhibit B.

13. Defendants are not in any way affiliated with Plaintiff nor did Defendants at any time have any authority to make use of any of the Marks in connection with the World Series or any other event.

14. Defendants are advertising and promoting goods and services using an identical or nearly identical mark. The goods and services being offered by the Defendants bear an identical name as Plaintiff's and also constitute a reproduction or imitation thereof which causes confusion to consumers.

15. The Misuse was a misappropriation of the "Welcome to the D" mark, which diluted the distinctiveness and associated goodwill of Plaintiff's Marks.

16. If Defendants are not enjoined from continued use of the Marks, Plaintiff will suffer irreparable injury to the goodwill Plaintiff has built in the Marks and will be subject to further dilution of the distinctiveness of the Marks.

## V. FIRST CAUSE OF ACTION

### Federal Trademark Infringement under 15 U.S.C. § 1114

17. Plaintiff re-alleges and incorporates by reference each and every allegation of paragraphs 1-20 of this Complaint as if fully set forth herein.

18. Plaintiff's Marks are inherently distinctive, arbitrary and suggestive, and have acquired secondary meaning. The public associates the "Welcome to the D" and "The D" marks exclusively with Plaintiff's entertainment services and related goods. This is a result of the extensive promotion and use of the Marks by Plaintiff in interstate commerce.

19. Defendants' actions in connection with both the First and Second Misuse were unauthorized and unlawful actions that constitute a reproduction, counterfeit, copy, or colorable imitation of the Marks. By committing the acts alleged herein, Defendants have intentionally, knowingly, and willfully infringed Plaintiff's Marks in violation of 15 U.S.C. §1114.

20. Plaintiff has suffered harm for which there is not an adequate remedy at law, unless Defendants are permanently enjoined by this Court from using the Marks

21. As a direct and proximate result of Defendants' infringing acts, Plaintiff has suffered damages in an amount that will be established at trial.

## VI. SECOND CAUSE OF ACTION

### Federal Trademark Dilution

22. Plaintiff re-alleges and incorporates by reference each and every allegation of paragraphs 1-25 of this Complaint as if fully set forth herein.

23. The Marks are famous within the meaning of 15 U.S.C. §1125(c) and are inherently distinctive and have acquired distinctiveness.

24. Plaintiff has extensively and exclusively used the Marks in interstate commerce.

25. Defendants' actions in connection with both the First and Second Misuse have caused irreparable injury to Plaintiff by diluting the Marks' distinctive quality in violation of 15 U.S.C. §1125(c).  Defendants' use of the Marks has diluted the distinctive quality of the Marks and diminished the power of the Marks to identify and distinguish Plaintiff's goods and services.

26. As a direct result of Defendants' misappropriation of the Marks, Plaintiff has suffered irreparable harm to the value of the Marks.  The acts complained of herein constitute trademark dilution in violation of 15 U.S.C. § 1125(c).

27. Plaintiff has suffered irreparable harm for which there is not an adequate remedy at law, unless Defendants are permanently enjoined by this Court from using the Marks.

28. As a direct and proximate result of Defendants' unlawful acts, Plaintiff has suffered damages in an amount that will be established at trial.

## VII. THIRD CAUSE OF ACTION

### False Designation of Origin 15 U.S.C. § 1125

29. Plaintiff re-alleges and incorporates by reference each and every allegation of paragraphs 1-32 of this Complaint as if fully set forth herein.

30. Defendants have knowingly used the Marks in connection with the events, services, and products that Defendants promote and sell.  Defendants' acts in connection with the First and Second Misuse are likely to confuse, mislead, or deceive the consuming public as to origin, source, sponsorship, or affiliation of Defendants' products and services, and are likely to cause such persons to believe in error that Defendants' products and services have been authorized, sponsored, endorsed, approved, or licensed by Plaintiff.

6

31.     Defendants' acts constitute false or misleading descriptions, false advertising, and false designations of the origin of Defendants' goods and services in violation of 15 U.S.C. § 1125 (a).  As a result, Plaintiff has suffered irreparable harm to value of the Marks.

32.     Plaintiff has suffered irreparable harm as a result of Defendants' misuse of the Marks for which there is not an adequate remedy at law, unless Defendants are permanently enjoined by this Court from using the Marks.

33.     As a direct and proximate result of Defendants' unlawful acts, Plaintiff has suffered damages in an amount that will be established at trial.

## VIII. FOURTH CAUSE OF ACTION

### Common Law Trademark Infringement

34.     Plaintiff re-alleges and incorporates by reference each and every allegation of paragraphs 1-37 of this Complaint as if fully set forth herein.

35.     Plaintiff was the first to use the "Welcome to the D" and "The D" marks or any marks similar thereto in connection with the sale of any product or service.  As a result, Plaintiff owns all rights, title, and interest in and to the Marks, including all common law rights in such marks.

36.     Defendants' unauthorized use of the Marks in connection the First and Second Misuse constitutes trademark infringement in violation of the common law of the State of Michigan.

37.     Defendants' acts complained of herein were done with full knowledge and intentional disregard for Plaintiff's rights in the Marks.  Defendants' acts have caused confusion in Michigan as to the source of Defendants' goods and services.

7

38. By reason of Defendants' actions, Plaintiff has suffered irreparable harm for which there is not an adequate remedy at law, unless Defendants are permanently enjoined by this Court from using the Marks.

39. As a direct and proximate result of Defendants' unlawful acts, Plaintiff has suffered damages in an amount that will be established at trial.

## IX. FIFTH CAUSE OF ACTION

### Unfair Competition under Michigan Common Law

40. Plaintiff re-alleges and incorporates by reference each and every allegation of paragraphs 1-43 of this Complaint as if fully set forth herein.

41. Defendants simulated Plaintiff's Marks and substituted Defendants products and service for those of Plaintiff, thereby deceiving and misleading the public.

42. The actions of the Defendants' in connection with the First and Second Misuse of Plaintiff's marks constitute unfair competition as a matter of Michigan common law.

43. As a result of Defendants' actions, Plaintiff has suffered damage to its reputation and loss of business due to Defendants' unfair practices.

44. By reason of Defendants' actions, Plaintiff has suffered irreparable harm for which there is not an adequate remedy at law, unless Defendants are permanently enjoined by this Court from using the Marks.

45. As a direct and proximate result of Defendants' unlawful acts, Plaintiff has suffered damages in an amount that will be established at trial.

## X. PRAYER OF RELIEF

WHEREFORE, Plaintiff requests that judgment be entered in its favor against Defendants as follows:

    a.    Defendants' unauthorized use of the Marks infringes Plaintiff's intellectual property rights;

    b.    Defendants' unauthorized use of the Marks dilutes Plaintiff's Marks;

    c.    Preliminarily and permanently enjoining Defendants, their successors, officers, agents, and employees, and anyone acting in concert with or acting at the direction of any of them from:

        (1) Using the Marks or any confusingly similar designation, in connection with the promotion, advertising, or sale of the Defendants' goods and services;

        (2) Doing any other act that is likely to confuse or mislead others into believing that the Defendants, or its goods or services, are approved by or associated with Plaintiff;

        (3) Competing unfairly with Plaintiff in any manner, including unlawfully using any marks that are confusingly similar to Plaintiff's marks; and

        (4) Conspiring, aiding, or abetting, any other person or entity from performing any of the activities referred to in subparagraphs (1)-(3) above.

    d.    Ordering that all labels, signage, prints, advertisements, accessories, and any other materials in Defendants' possession or control that depict or make reference to any of the Marks or any imitation thereof be destroyed, and the Marks and any imitation thereof be removed from

all Internet websites, online advertising; marketing, searching engines, or other online materials pursuant to 15 U.S.C. § 1118;

  e. Ordering any such other relief as the Court may deem appropriate to prevent the trade and public from deriving the erroneous impression that any service or product manufactured, sold, or otherwise circulated or promoted by Defendants is authorized by Plaintiff or related in any way to Plaintiff's products or services.

  f. Ordering Defendants to file with Court and serve on Plaintiff, within 30 days after the entry and service of this injunction, a written report, sworn under oath, setting the forth the manner and form in which Defendants has complied with the injunction.

  g. Awarding Plaintiff compensation for all damages and harm it has sustained as a result of Defendants' infringement, dilution and unfair competition in connection with the First and Second Misuse.

  h. Awarding Plaintiff treble damages resulting from Defendants' willful and intentional conduct pursuant to 15 U.S.C. § 1117 and Michigan law;

  i. Assessing and awarding Plaintiff its attorneys' fees and costs incurred in this action against Defendants pursuant to 15 U.S.C. § 1117 and Michigan law; and

  j. Ordering or awarding any other relief that the Court deems just and proper.

Dated: September 3, 2015

               Respectfully submitted,

               By: /s/ Scott S. Yaldo
                 Yaldo Law, PLLC
                 500 S. Old Woodward, Second Floor
                 Birmingham, MI 48009
                 (248) 645-5300