UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARK KASSA,

      Plaintiff,                              Case No. 15-cv-13153
                                                Hon. Matthew F. Leitman

v.

DETROIT METRO CONVENTION
& VISITORS BUREAU *et al.*,

      Defendants.
_____/

## ORDER DENYING PLAINTIFF'S
## MOTION TO ALTER OR AMEND JUDGMENT (ECF #21)

In this action, Plaintiff Mark Kassa ("Kassa") alleged that Defendants Detroit Metro Convention & Visitors Bureau and Detroit Sports Commission (collectively, "Defendants") infringed his trademarks.  On December 7, 2015, the Court entered an order granting Defendants' motion to dismiss Kassa's First Amended Complaint for failure to state a claim (the "Dismissal Order").  (*See* ECF #19.)  That same day, the Court entered judgment in favor of Defendants.  (*See* ECF #20).

On December 17, 2015, Kassa filed what he titled "Motion to Alter or Amend Judgment" (the "Motion to Amend").  (*See* ECF #21.)  In its entirety, the Motion to Amend provides as follows:

> NOW COMES Plaintiff, by and through its counsel, Yaldo Law, PLLC, and respectfully moves this court, pursuant to Federal Rule of Civil Procedure 59(e), to alter or amend its judgment entered on December 7, 2015. In support of its motion, Plaintiff relies on the attached Proposed Amended Complaint, which provides new factual allegations against the Defendants.

(*Id.* at 1, Pg. ID 232.)   The Motion to Amend is not supported by a brief or memorandum of law, nor is the motion accompanied by any argument whatsoever – factual or legal – as to why Kassa is entitled to the relief he seeks.

Kassa has attached to the Motion to Amend a proposed amended complaint that he seeks to file.  The opening paragraph of the proposed amended complaint provides as follows:

> Mark Kassa, ("Plaintiff"), for his claims against defendants Detroit Metro Convention & Visitors Bureau and Detroit Sports Commission ("Defendants"), files this Amended Complaint, pursuant to Federal Rules of Civil Procedure (FRCP)15, *which shall, pursuant to FRCP 59(e), be construed as a motion to alter or amend the December 07, 2015 Order granting Defendants' motion to dismiss Plaintiff's Complaint/First Amended Complaint.*

(*Id.* at 2, Pg. ID 233; emphasis added.)

The Motion to Amend is fundamentally flawed in several respects.  First, it fails to comply with this Court's Local Rules concerning the filing of motions. Among other things, Local Rule 7.1 requires a party filing a motion to:

- Seek concurrence prior to filing a motion and, if concurrence is not obtained, *to state in the motion* that the party either conference with the opposing side prior to filing the motion or made reasonable efforts to conduct such a conference.  (*See* E.D. Mich. Local Rule 7.1(a).)

- Include with each motion filed a supporting brief that identifies the "the controlling or most appropriate authority for the relief sought."  (*See* E.D. Mich. Local Rule 7.1(d)(2).)

The Motion to Amend does not comply with these rules.

Second, the Motion to Amend does not even attempt to explain *why* Kassa is entitled to the relief he seeks.  Indeed, as noted above, the Motion to Amend contains no supporting brief and identifies no "authority for the relief sought."

Third, the Motion to Amend does not recognize the clear distinction drawn by the United States Court of Appeals for the Sixth Circuit between the standard governing a motion to amend a complaint that is filed *before* the entry of a final judgment and the standard governing a motion that is filed *after* entry of a final judgment.  As the Sixth Circuit has explained:

> Rule 15 requests to amend the complaint are frequently filed and, generally speaking, freely allowed. But when a Rule 15 motion comes *after* a judgment against the plaintiff, that is a different story. Courts in that setting must consider the competing interest of protecting the finality of judgments and the expeditious termination of litigation.  If a permissive amendment policy applied after adverse judgments, plaintiffs could use the court as a sounding board to discover holes in their arguments, then reopen the case by amending their complaint to take

3

account of the court's decision.  That would sidestep the narrow grounds for obtaining post-judgment relief under Rules 59 and 60, make the finality of judgments an interim concept and risk turning Rules 59 and 60 into nullities.

When a party seeks to amend a complaint after an adverse judgment, it thus must shoulder a heavier burden. Instead of meeting only the modest requirements of Rule 15, the claimant must meet the requirements for reopening a case established by Rules 59 or 60. In post-judgment motions to amend, as a result, the Rule 15 and Rule 59 inquiries turn on the same factors.  A court acts within its discretion in denying a Rule 15 and a Rule 59 motion on account of undue delay—including delay resulting from a failure to incorporate previously available evidence—and ought to pay particular attention to the movant's explanation for failing to seek leave to amend prior to the entry of judgment.

*Leisure Caviar, LLC v. United States Fish and Wildlife Service*, 616 F.3d 612, 615-16 (6th Cir. 2010) (internal citations and punctuation omitted; emphasis in original).  Here, Kassa has failed to demonstrate how he satisfies this "heavier burden" and has provided no explanation for why he failed to seek leave to amend prior to the entry of judgment.  Simply put, Kassa has failed to demonstrate how he is entitled to the relief he seeks under Rule 59(e) of the Federal Rules of Civil Procedure or otherwise.

Accordingly, for all of these reasons, **IT IS HEREBY ORDERED** that Kassa's Motion to Amend (ECF #21) is **DENIED**.

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated:  December 22, 2015

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on December 22, 2015, by electronic means and/or ordinary mail.

s/Holly A. Monda
Case Manager
(313) 234-5113

5